**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **LINFO IP LLC,**<br>    **Plaintiff,**<br><br>v.<br><br>**GARTNER, INC., and**<br>**SOFTWARE ADVICE, INC.**<br>    **Defendant.** | )<br>)<br>)   **Civil Action No. 6:22-cv-00402-ADA**<br>)<br>)<br>)<br>)<br>)<br>)   **JURY TRIAL DEMANDED**<br>) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Linfo IP LLC ("Linfo") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 9,092,428 ("the '428 patent") (referred to as the "Patent-in-Suit") by Gartner, Inc. and Software Advice, Inc. (collectively, "Defendants" or "Software Advice").

**I.    THE PARTIES**

1.   Linfo IP LLC is a Texas limited liability corporation with its principal place of business located in Austin, Texas.

2.   On information and belief, Gartner, Inc. is a corporation organized and existing under the laws of Delaware, with a regular and established place of business located at 2500 Bee Caves Road, Suite 240, Austin, Texas 78746. Gartner, Inc. may be served trough its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, at its regular place of business, or anywhere it may be found.

1

3. On information and belief, Software Advice, Inc. is a corporation organized under the laws of California, with a regular and established place of business located at 2500 Bee Caves Road, Suite 240, Austin, Texas 78746. Software Advice, Inc. may be served trough its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, at its regular place of business, or anywhere it may be found.

4. On information and belief, Defendants sell and offer to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II.  JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendants because: (i) Defendants are present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this judicial district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendants have committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly

or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

#### A. Infringement of the '131 Patent

8. On September 20, 2016, U.S. Patent No. 9,092,428 ("the '428 patent", included as an attachment) entitled "Systems, methods and user interface for discovering and presenting information in text content" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '428 patent by assignment.

9. The '428 patent relates to novel and improved methods and apparatuses for conducting electronic commerce.

10. Defendants maintain, operate, and administer systems, products, and services that facilitate discovering and presenting information in text content with different view formats that infringe one or more of claims 1-20 of the '428 patent, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '428 patent into service (i.e., used them); but for Defendants' actions, the claimed-inventions embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendants' procurement of monetary and commercial benefit from it.

11. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A. These allegations of infringement are preliminary and are therefore subject to change.

12. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., discovering and presenting information in text content with different view formats) such as to cause infringement of one or more of claims 1-20 of the '428 patent, literally or under the doctrine of equivalents. Moreover, Defendant have known of the '428 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

13. Defendant have and continue to contributorily infringe. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., discovering and presenting information in text content with different view formats) and related services such as to cause infringement of one or more of claims 1-20 of the '428 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendants' products and services. Moreover, Defendants have known of the '428 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

14. Defendants have caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '428 patent.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

4

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendants have infringed the claims of the '428 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendants' infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendants from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

    g.    award Plaintiff such other and further relief as this Court deems just and proper.

DATED: April 20, 2022                      Respectfully submitted,

**Ramey LLP**

_/s/ William P. Ramey, III_

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Linfo IP, LLC*